———o———

WILLARD A. GREEN v. RACHAEL SOLOMON.

*Statute of frauds—Agreement to pay debt of another—Novation.*

In this case it is held that there was testimony which, if believed by the jury, was sufficient to support the claim of plaintiff that defendant, through her agent, agreed to pay a hotel bill due the plaintiff from a contractor of defendant, and that plaintiff, in reliance upon such agreement, released the original debtor.

Error to Iosco. (Simpson, J.) Argued April 10, 1890. Decided April 18, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. R. Henry,* for appellant.

*M' Cutcheon & Elliott,* for plaintiff.

MORSE, J. The plaintiff brought suit in justice's court against the defendant for $57.30, the amount of an hotel bill against one Richard P. Pearson, and recovered judgment. On appeal to the circuit court for the county of Iosco the plaintiff again had judgment.

There was no dispute as to the items or amount of the bill. It was claimed by the plaintiff that at his hotel in Au Sable, in the presence of Pearson and one Selig Solo-

mon, the husband and agent of defendant, the bill against Pearson was made out and presented; that thereupon Solomon agreed that his wife would pay the debt, and upon such assumption of the debt he released Pearson. It is conceded that Selig Solomon was the agent of defendant, and had authority to bind her.

The defendant claimed that her agent simply promised to pay the Pearson account to Green in case, on settlement between her and Pearson, it was found there was anything due to Pearson from her upon a lumbering contract between them; that, instead of being indebted to Pearson, it was ascertained that he owed her a large amount; therefore she was not obligated to pay the account, and refused to do so. The case was tried before a jury.

The defendant contends, first, that there was no testimony tending to show that plaintiff ever released Pearson, or agreed to do so; that the whole case of the plaintiff shows that Pearson at the hotel gave him an order for the bill on defendant, and that Selig Solomon, coming into the room, agreed for defendant that she would pay it; that it was simply a promise on his part to pay Pearson's debt, and within the statute of frauds.

We think there was testimony, if believed by the jury, sufficient to support the plaintiff's claim. The defendant submitted the following special questions to the jury, which were by them answered in the affirmative:

"1. Did Green, Pearson, and Solomon meet at the Winchester about the 2d of March, 1888, and there make a novation of the debt in question from Pearson to Solomon for Green's benefit?

"2. At the meeting in the Winchester, did Solomon understand that Pearson was to be unconditionally released, and Solomon held for the debt in question?

"3. Was it agreed between Green, Solomon, and Pear-

son, at the meeting in the Winchester about March 2, 1888, that Pearson was released from the debt in question?

"4. At any time did Solomon, Green, and Pearson meet, and all understand that Pearson was to be released from the debt in question, and Solomon held therefor?"

The defendant insists that there was absolutely no evidence tending to show that plaintiff ever released Pearson from the debt, but plaintiff, in answer to a question whether he afterwards held Pearson for it, testified:

"No, sir; I never looked to him after that."

Enough took place, according to the testimony of plaintiff's witnesses, at the hotel, to warrant the jury in finding that Pearson was there released, and defendant accepted for the debt. Pearson was lumbering under a contract with defendant, and defendant was furnishing him advances and supplies, and was supposed to be owing Pearson at the time. Plaintiff and his clerk, Howard, and Pearson were present. Plaintiff told Howard to hand Pearson his account, which he did. Pearson said: "I will give you an order on Solomon for this." Plaintiff said, "All right." Howard drew this order. About that time Solomon came in, and Howard says, "Here is an order, Mr. Solomon; will you accept it?" who answered: "It is all right; I will pay it. I cannot pay it just at present. I have a large sum of money to pay in a few days." Howard turned to plaintiff, and asked him if that was all right, and plaintiff replied, "Yes; his word is good for it." As plaintiff never looked to Pearson afterwards, it would seem that the understanding and agreement there was plain enough that Solomon should pay the debt, and Pearson be released. It must have been so understood by all. In view of the special findings of the

jury, the other errors assigned become unimportant, and need not be noticed.

The judgment is affirmed, with costs.

The other Justices concurred.